# EXHIBIT A

1  Gerard P. Harney
   California Bar No. 129162
2  Nicholas J. Neidzwski
   California Bar No. 273020
3  COZEN O'CONNOR
   Suite 1610, 501 West Broadway
4  San Diego, CA  92101
   Telephone: 619.234.1700
5  Toll Free Phone: 800.782.3366
   Facsimile: 619.234.7831
6
   Attorneys for Plaintiff
7  AMERICAN HOME ASSURANCE COMPANY

THIS CASE ASSIGNED TO
JUDGE THOMAS D. KOLPACOFF
FOR ALL PURPOSES

CLERK ANN GRETH

FILED
SUPERIOR COURT
COUNTY OF ALPINE

JUN  9 2011

BY  ANN GRETH
COURT CLERK

8

9             SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               IN AND FOR THE COUNTY OF ALPINE

11  AMERICAN HOME ASSURANCE COMPANY, a )  Case No.: C110574
    New York corporation;              )
12                                     )  COMPLAINT TO RECOVER DAMAGES
              Plaintiff,               )  BASED UPON NEGLIGENCE AND
13                                     )  STRICT PRODUCTS LIABILITY
       vs.                             )
14                                     )
    CASHMAN EQUIPMENT COMPANY, a Nevada)
15  corporation; MIRATECH CORPORATION, )
    an Oklahoma corporation, and DOES  )
16  1-100,                             )
                                       )
17            Defendants.              )
                                       )
18                                     )
                                       )
19                                     )
                                       )
20  _____)

21      Plaintiff, AMERICAN HOME ASSURANCE COMPANY, by way of

22  complaint against the defendants, says:

23      1.  Plaintiff herein, AMERICAN HOME ASSURANCE COMPANY

24  (hereinafter "Plaintiff") is a New York corporation with its

25  principal place of business located at 175 Water Street, New York,

26  New York and at all times hereinafter mentioned was engaged in

27  business as an insurance carrier issuing policies of insurance

28  within the State of California and this judicial district.

1    2.    At all times hereinafter mentioned, Plaintiff provided
2  insurance coverage to Kirkwood Mountain Resort, LLC (hereinafter
3  "Kirkwood" or "Insured"), a limited liability company duly
4  organized and existing under the laws of the State of Delaware,
5  with respect to its property located in Kirkwood, California
6  (hereinafter "Subject Property") pursuant to Policy No. SKI
7  014647635.

8    3.    Defendant herein, CASHMAN EQUIPMENT COMPANY (hereinafter
9  "Cashman") is a Nevada corporation with its principal place of
10  business located at 3300 St. Rose Parkway, Henderson, Nevada,
11  which at all times hereinafter mentioned was engaged as a
12  Caterpillar, Inc. equipment dealer and in such capacity sold to
13  Kirkwood and installed in 2005 at the power generating station of
14  the Subject Property a Caterpillar manufactured 3516 Diesel
15  Generator Set (hereinafter "subject genset" or "genset").

16    4.    Defendant herein, MIRATECH CORPORATION (hereinafter
17  "Miratech") is an Oklahoma corporation with its principal place of
18  business located at 420 South 145th East Avenue, Tulsa, Oklahoma,
19  which at all times hereinafter mentioned was engaged in providing
20  engine exhaust emission solutions and in such capacity
21  manufactured, sold, and installed in 2005 at the power generating
22  station of the Subject Property a diesel particulate filter
23  (hereinafter "DPF" or "subject DPF") used to reduce particulate
24  emissions from the subject genset.

25    5.    DOE Defendants 1-100 are individuals, corporations, or
26  other business entities whose identities are presently unknown to
27  the Plaintiff, but who are believed to be responsible, in whole or
28  in part, for the incident and damages hereinafter alleged.  This

1 | Complaint will be amended to properly identify the foregoing DOE
2 | Defendants once their identities and roles in the incident
3 | hereinafter referred to is made known to the Plaintiff.

4 |     6.   Plaintiff is informed and believes and thereon alleges
5 | that, at all times herein mentioned, each of the defendants were
6 | the agent, servant, representative, or employee of each of the
7 | remaining defendants, and were at all times acting within the
8 | purpose and scope of said agencies, service or employment with the
9 | consent, permission or approval of each of their codefendants in
10 | committing the acts and omissions herein alleged.

11 |     7.   Cashman, Miratech, and DOES 1-10 recommended the type
12 | and capacity of genset to be used with the subject DPF, which was
13 | subsequently determined to be a mismatch in terms of its
14 | operational characteristics and capacity to operate safely without
15 | the danger of overheating and fire.

16 |     8.   On or about January 1, 2010, while the aforesaid
17 | insurance policy issued by Plaintiff to Kirkwood was in full force
18 | and effect, a fire occurred at the power generating station of the
19 | Subject Property caused by the overheating of the subject DPF used
20 | to reduce particulate emissions from the subject genset
21 | (hereinafter "Subject Loss"). Such fire resulted in damages to
22 | the Subject Property, which were covered under the Kirkwood policy
23 | of insurance and for which payment has been made in excess of the
24 | jurisdictional requirements of this court.

25 |     9.   Pursuant to the terms of the aforementioned insurance
26 | policy and by operation of law, Plaintiff is subrogated to the
27 | rights of the Insured to the amount paid as a result of the
28 | Subject Loss, in an amount to be proven at trial.

## FIRST CAUSE OF ACTION

**(Negligence as to Defendants Cashman, Miratech, and DOES 1-10)**

10. Plaintiff realleges and incorporates herein as though fully set forth the allegations of paragraphs 1 through 9.

11. Prior to the Subject Loss and after Kirkwood's purchase of the subject genset and DPF in 2005, Cashman, Miratech, and DOES 1-10 were actively involved in the installation, commissioning, and troubleshooting of the subject DPF and the subject genset.

12. Following the installation and commissioning of the DPF and genset, the mismatch between the DPF and the genset resulted in various failures and problems, including but not limited to incidents of overheating and warping of the DPF, all of which Cashman, Miratech, and DOES 1-10 were responsible for and had knowledge of.

13. Prior to the Subject Loss, Cashman, Miratech, and DOES 1-10 continually misdiagnosed the cause of the aforesaid failures and problems caused by the mismatch between the DPF and genset and continually failed to adequately address and remedy these known issues.

14. After repeatedly misdiagnosing the cause of the failures and problems related to the genset and DPF and failing to fix these issues, Cashman, Miratech, and DOES 1-10 refused to assist Kirkwood in all subsequent attempts to remedy the aforesaid failures and problems relating to the genset and DPF prior to the Subject Loss.

15. Prior to the Subject Loss and as a result of the abandonment of Kirkwood by Cashman, Miratech, and DOES 1-10,

1   Kirkwood was forced to use available materials on its premises to
2   attempt to remedy the overheating of the DPF and replaced the door
3   of the subject DPF with a steel door.

4       16.   The replacement door to the DPF distorted due to
5   continuing overheating of the DPF and Kirkwood attempted to seal
6   the door opening, which itself had become warped, with an aluminum
7   door which was the only material available to Kirkwood due to the
8   refusal of the Defendants to service their products and assist
9   Kirkwood in alleviating the overheating problems due to the
10  mismatch between the aforesaid genset and DPF.

11      17.   The aluminum door distorted and permitted on January 1,
12  2010 fire to escape the DPF and the fire spread to adjacent
13  combustible building materials and resulted in the Subject Loss
14  and damages herein stated.

15      18.   At all times herein mentioned, Cashman, Miratech, and
16  DOES 1-10, inclusive, and each of them, had a duty and obligation
17  to exercise due and reasonable care in the manufacture, design,
18  installation, commissioning, and/or troubleshooting of the DPF and
19  genset, including but not limited to adequately address, diagnose,
20  and remedy the hereinbefore stated problems and failures created
21  by the mismatch between the DPF and the genset which were known,
22  or should have been known, to Cashman, Miratech, and DOES 1-10.

23      19.   Cashman, Miratech, and DOES 1-10 breached their duty of
24  due and reasonable care so as to cause the Subject Loss by
25  carelessly and negligently manufacturing, designing, installing,
26  commissioning, and/or troubleshooting the issues related to the
27  subject DPF and genset, including but not limited to failing to
28  adequately diagnose, address, and remedy the aforesaid known

1   problems and failures.

2        20.   As a direct and proximate result of the above described

3   acts and/or omissions to act by Cashman, Miratech, and DOES 1-10,

4   Kirkwood  sustained  damages  in  an  amount  in  excess  of  the

5   jurisdictional requirements of this Court, the precise amount to

6   be proven at trial, covered and paid under the Insured's policy.

7

8                      **SECOND CAUSE OF ACTION**

9   (Strict Products Liability as to Defendants Cashman, Miratech, and
                             DOES 1-10)
10

11        21.   Plaintiff  realleges  and  incorporates  herein  as  though

12   fully set forth the allegations of paragraphs 1 through 20.

13        22.   The   occurrence   and   resulting   damages   hereinbefore

14   referred to were caused by defects in the subject DPF and genset

15

16   designed, manufactured, installed, sold and supplied to Kirkwood

17   by Cashman, Miratch, and DOES 1-10.

18        23.   The subject DPF and genset were defective at the time of

19   its  design,  manufacture,  and  sale  and  in  failing  to  provide

20   adequate  warnings  necessary  to  make  its  intended  use  safe  from

21   overheating and fire.

22

23        24.   The  foregoing  defects  in  the  subject  DPF  and  genset

24   existed at the time of its manufacture and sale to Kirkwood and

25   the  subject  DPF  and  genset  were  being  used  by  Kirkwood  in  a

26   reasonably foreseeable manner at the time of the Subject Loss.

27        25.   Cashman,  Miratch,  and  DOES  1-10  are  strictly  liable  for

28   the  defects  existing  in  the  subject  DPF  and  genset  which  caused

the damages sustained by Kirkwood and as compensated under the Plaintiff's aforesaid policy of insurance.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, as follows:

1.   For general damages in an amount to be determined at the time of trial;

2.   For costs and attorneys' fees as permitted by law;

3.   For prejudgment and post-judgment interest as permitted by law; and

4.   For such other and further relief as deemed just and appropriate under all of the circumstances by the Court.


Dated: May 16, 2011                    COZEN O'CONNOR


                                       By: _____
                                           GERARD P. HARNEY
                                           NICHOLAS J. NEIDZWSKI
                                           Attorneys for Plaintiff
                                           AMERICAN HOME ASSURANCE COMPANY

SAN_DIEGO\570148\1 267913 000

# EXHIBIT B

## STATEMENT OF LOSS

**Durango Mountain Resort, Et Al**

**Mountain Utilities, LLC**
**Kirkwood Meadows Ski Resort**
**Kirkwood, California**

## Fire – January 1, 2010

| Recapitulation of Verified Detail | Value | Loss |
|---|---|---|
| Value at Risk | Excess $20,000,000 | |

Loss as Adjusted

A  PHYSICAL DAMAGE

1.  Building and Equipment

a   Preliminary replacement cost per
     Madsen, Kneppers & Associates
     June 9, 2010 "RCV Estimate
     with code upgrades", as follows:

| | | |
|---|---|---|
| Hard Costs per C S I  breakdown | $6,361,081 75 | |
| General Conditions | $  250,000.00 | |
| Sub-Total | $6,611,081 75 | |
| Bonds/Insurance | $  165,277.04 | |
| Sub-Total | $6,776,358 80 | |
| Overhead/Profit | $1,016,453.82 | |
| Sub-Total | $7,792,812 62 | |
| Consultants | $  200,000 00 | |
| Permit Fees | $  110,000.00 | |
| Total | $8,102,812.62 | $8,102,812 62 |

b.  Additions for building size
     requirements, equipment and
     testing costs per Madsen,
     Kneppers & Associates 1-page
     supplement:

| | | |
|---|---|---|
| Building | $  227,202 00 | |
| Equipment & Testing | $2,759,857.64 | |
| Sub-Total | $2,987,059 64 | |
| Mark-Up for Insurances, OH&P | $  657,153.12 | |
| Total | $3,644,212.76 | $3,644,212 76 |

c   Costs incurred to date
    (submittal 1-3) as outlined
    in RGL Forensic spreadsheets
    dated June 14, 2010

| | | | | |
|---|---|---|---|---|
| 1 Building | $ | 33,669.14 | | |
| 2. Protection of Property – generators | $ | 6,954.76 | | |
| 3. Demolition | $ | 107,093.10 | | |
| 4 Employee Personal Property | $ | 1,027.97 | | |
| 5 Fire Suppression | $ | 10,450.88 | | |
| 6 Business Personal Property | $ | 12,023.28 | | |
| 7. Repair Costs | $ | 5,950.00 | | |
| Total | $ | 177,169.13 | $ | 177,169.13 |

d   Additional Costs (Submittal 4)
    as also outlined in RGL Forensics
    spreadsheets of June 14, 2010

| | | | | |
|---|---|---|---|---|
| 1. Building | $ | 5,572.24 | | |
| 2 Demolition | $ | 6,907.79 | | |
| 3 Employee Personal Property | $ | 43,619.88 | | |
| 4. Project Management – Demolition | $ | 10,264.00 | | |
| 5 Business Personal Property | $ | 5,686.10 | | |
| Total | $ | 72,050.01 | $ | 72,050.01 |

| | | |
|---|---|---|
| Total Physical Damage | $11,996,244.52 | |
| Negotiated Settlement | $10,800,000.00 | $10,800,000.00 |

## B.  BUSINESS INTERRUPTION/EXTRA EXPENSE

Per RGL Forensics Report of June 27, 2010:

| | | | |
|---|---|---|---|
| 1  Business Interruption | | | |
| As claimed | $ 4,684,015.00 | | |
| Adjustments | ( 1,464,644.00) | | |
| As calculated | $ 3,219,241.00 | $ 3,219,214.00 | |
| 2  Extra Expense | | $ 791,233.00 | |
| Total | | $ 4,010,474.00 | |
| Policy Limit | | $ 4,000,000.00 | $ 4,000,000.00 |
| Whole Loss | | | $14,800,000.00 |
| Deductible | | | ( $ 25,000.00) |
| Net Claim | | | $14,775,000.00 |
| Less Prior Payments | | | ( $ 8,184,150.47) |
| Value and Final Payment | | Excess $20,000,000 | $ 6,590,849.53 |

# EXHIBIT C

1 │ JAMES R. PAGLIERO, ESQ. - #095898
    │ GABRIEL G. BALDWIN, ESQ. - #234241
2 │ PAGLIERO & ASSOCIATES
    │ A Professional Corporation
3 │ 5701 Marconi Avenue
    │ Carmichael, CA 95608
4 │ (916) 481-7100 Fax: (916) 481-7101

5 │ Attorneys for defendant
    │ MIRATECH CORPORATION
6 │

7 │

8 │ UNITED STATES DISTRICT COURT

9 │ EASTERN DISTRICT OF CALIFORNIA

10 │ SACRAMENTO DIVISION

11 │

12 │ AMERICAN HOME ASSURANCE          ) No.
    │ COMPANY, a New York              )
13 │ corporation,                     ) **JOINDER IN NOTICE OF**
    │                                  ) **OF REMOVAL OF ACTION**
14 │         Plaintiff,               ) **UNDER 28 U.S.C. §1441(b)**
    │                                  ) **(DIVERSITY)**
15 │    v.                            )
    │                                  ) **JURY TRIAL DEMANDED**
16 │ CASHMAN EQUIPMENT COMPANY, a      )
    │ Nevada corporation; MIRATECH     )
17 │ CORPORATION, an Oklahoma          )
    │ corporation; and DOES 1-100,     )
18 │                                  )
    │         Defendants.             )
19 │ _____)

20 │

21 │ **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

22 │     Defendant Cashman Equipment Company hereby joins in the

23 │ notice of removal of action submitted by defendant Miratech

24 │ Corporation, Inc.  Cashman Equipment Company will be represented

25 │ by Mark Scott Newman of the law firm of Borton Petrini, LLP, 3110

26 │ Gold Canal Drive, Ste. A, Sacramento, CA 95670; telephone: (916)

27 │ 858-1212.

28 │     Cashman Equipment Company is a Nevada Corporation with its

1 | principal place of business at 3300 St. Rose Parkway, Henderson,
2 | Nevada.   Attached collectively as Exhibit A are copies of the
3 | summons and complaint and all orders received by the Alpine County
4 | Superior Court.   Service of the summons and complaint was made
5 | upon defendant Cashman Equipment Company on or about June 23,
6 | 2011.   Separate notice of this joinder is being served on the
7 | attorney for plaintiff American Home Assurance Company.   Separate
8 | notice of this joinder is being served on the Clerk of the
9 | Superior Court of California in and for the County of Alpine.
10 | Attached as Exhibit B is the written proof of service of said
11 | separate notice of this joinder.

12 | DATED: ___7/7/___, 2011                    BORTON PETRINI, LLP

14 |                                   By: _____
15 |                                       MANISH PARIKH, SBN 244205
                                           Attorneys for defendant
                                           Cashman Equipment Company

# EXHIBIT A

COPY

Gerard P. Harney
California Bar No. 129162
Nicholas J. Neidzwski
California Bar No. 273020
COZEN O'CONNOR
Suite 1610, 501 West Broadway
San Diego, CA  92101
Telephone: 619.234.1700
Toll Free Phone: 800.782.3366
Facsimile: 619.234.7831

Attorneys for Plaintiff
AMERICAN HOME ASSURANCE COMPANY

THIS CASE ASSIGNED TO
JUDGE THOMAS D. KOLPACOFF
FOR ALL PURPOSES
CLERK ANN GRETH

FILED
SUPERIOR COURT
COUNTY OF ALPINE

JUN   9 2011

BY ___ANN GRETH___
COURT CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALPINE

AMERICAN HOME ASSURANCE COMPANY, a )
New York corporation;                )
                                     )
            Plaintiff,               )
                                     )
    vs.                              )
                                     )
CASHMAN EQUIPMENT COMPANY, a Nevada )
corporation; MIRATECH CORPORATION,   )
an Oklahoma corporation, and DOES    )
1-100,                               )
                                     )
            Defendants.              )
                                     )
                                     )
                                     )
                                     )
                                     )
_____)

Case No.: C110574

COMPLAINT TO RECOVER DAMAGES
BASED UPON NEGLIGENCE AND
STRICT PRODUCTS LIABILITY

Plaintiff, AMERICAN HOME ASSURANCE COMPANY, by way of complaint against the defendants, says:

1.   Plaintiff herein, AMERICAN HOME ASSURANCE COMPANY (hereinafter "Plaintiff") is a New York corporation with its principal place of business located at 175 Water Street, New York, New York and at all times hereinafter mentioned was engaged in business as an insurance carrier issuing policies of insurance within the State of California and this judicial district.

1       2.   At all times hereinafter mentioned, Plaintiff provided

2   insurance coverage to Kirkwood Mountain Resort, LLC (hereinafter

3   "Kirkwood" or "Insured"), a limited liability company duly

4   organized and existing under the laws of the State of Delaware,

5   with respect to its property located in Kirkwood, California

6   (hereinafter "Subject Property") pursuant to Policy No. SKI

7   014647635.

8       3.   Defendant herein, CASHMAN EQUIPMENT COMPANY (hereinafter

9   "Cashman") is a Nevada corporation with its principal place of

10  business located at 3300 St. Rose Parkway, Henderson, Nevada,

11  which at all times hereinafter mentioned was engaged as a

12  Caterpillar, Inc. equipment dealer and in such capacity sold to

13  Kirkwood and installed in 2005 at the power generating station of

14  the Subject Property a Caterpillar manufactured 3516 Diesel

15  Generator Set (hereinafter "subject genset" or "genset").

16      4.   Defendant herein, MIRATECH CORPORATION (hereinafter

17  "Miratech") is an Oklahoma corporation with its principal place of

18  business located at 420 South 145th East Avenue, Tulsa, Oklahoma,

19  which at all times hereinafter mentioned was engaged in providing

20  engine exhaust emission solutions and in such capacity

21  manufactured, sold, and installed in 2005 at the power generating

22  station of the Subject Property a diesel particulate filter

23  (hereinafter "DPF" or "subject DPF") used to reduce particulate

24  emissions from the subject genset.

25      5.   DOE Defendants 1-100 are individuals, corporations, or

26  other business entities whose identities are presently unknown to

27  the Plaintiff, but who are believed to be responsible, in whole or

28  in part, for the incident and damages hereinafter alleged. This

1  Complaint will be amended to properly identify the foregoing DOE

2  Defendants once their identities and roles in the incident

3  hereinafter referred to is made known to the Plaintiff.

4      6.   Plaintiff is informed and believes and thereon alleges

5  that, at all times herein mentioned, each of the defendants were

6  the agent, servant, representative, or employee of each of the

7  remaining defendants, and were at all times acting within the

8  purpose and scope of said agencies, service or employment with the

9  consent, permission or approval of each of their codefendants in

10  committing the acts and omissions herein alleged.

11      7.   Cashman, Miratech, and DOES 1-10 recommended the type

12  and capacity of genset to be used with the subject DPF, which was

13  subsequently determined to be a mismatch in terms of its

14  operational characteristics and capacity to operate safely without

15  the danger of overheating and fire.

16      8.   On or about January 1, 2010, while the aforesaid

17  insurance policy issued by Plaintiff to Kirkwood was in full force

18  and effect, a fire occurred at the power generating station of the

19  Subject Property caused by the overheating of the subject DPF used

20  to reduce particulate emissions from the subject genset

21  (hereinafter "Subject Loss").   Such fire resulted in damages to

22  the Subject Property, which were covered under the Kirkwood policy

23  of insurance and for which payment has been made in excess of the

24  jurisdictional requirements of this court.

25      9.   Pursuant to the terms of the aforementioned insurance

26  policy and by operation of law, Plaintiff is subrogated to the

27  rights of the Insured to the amount paid as a result of the

28  Subject Loss, in an amount to be proven at trial.

## FIRST CAUSE OF ACTION

**(Negligence as to Defendants Cashman, Miratech, and DOES 1-10)**

10. Plaintiff realleges and incorporates herein as though fully set forth the allegations of paragraphs 1 through 9.

11. Prior to the Subject Loss and after Kirkwood's purchase of the subject genset and DPF in 2005, Cashman, Miratech, and DOES 1-10 were actively involved in the installation, commissioning, and troubleshooting of the subject DPF and the subject genset.

12. Following the installation and commissioning of the DPF and genset, the mismatch between the DPF and the genset resulted in various failures and problems, including but not limited to incidents of overheating and warping of the DPF, all of which Cashman, Miratech, and DOES 1-10 were responsible for and had knowledge of.

13. Prior to the Subject Loss, Cashman, Miratech, and DOES 1-10 continually misdiagnosed the cause of the aforesaid failures and problems caused by the mismatch between the DPF and genset and continually failed to adequately address and remedy these known issues.

14. After repeatedly misdiagnosing the cause of the failures and problems related to the genset and DPF and failing to fix these issues, Cashman, Miratech, and DOES 1-10 refused to assist Kirkwood in all subsequent attempts to remedy the aforesaid failures and problems relating to the genset and DPF prior to the Subject Loss.

15. Prior to the Subject Loss and as a result of the abandonment of Kirkwood by Cashman, Miratech, and DOES 1-10,

4

1  Kirkwood was forced to use available materials on its premises to
2  attempt to remedy the overheating of the DPF and replaced the door
3  of the subject DPF with a steel door.

4      16.  The  replacement  door  to  the  DPF  distorted  due  to
5  continuing overheating of the DPF and Kirkwood attempted to seal
6  the door opening, which itself had become warped, with an aluminum
7  door which was the only material available to Kirkwood due to the
8  refusal  of  the  Defendants  to  service  their  products  and  assist
9  Kirkwood  in  alleviating  the  overheating  problems  due  to  the
10  mismatch between the aforesaid genset and DPF.

11      17.  The aluminum door distorted and permitted on January 1,
12  2010  fire  to  escape  the  DPF  and  the  fire  spread  to  adjacent
13  combustible building materials and resulted in the Subject Loss
14  and damages herein stated.

15      18.  At all times herein mentioned, Cashman, Miratech, and
16  DOES 1-10, inclusive, and each of them, had a duty and obligation
17  to exercise due and reasonable care in the manufacture, design,
18  installation, commissioning, and/or troubleshooting of the DPF and
19  genset, including but not limited to adequately address, diagnose,
20  and remedy the hereinbefore stated problems and failures created
21  by the mismatch between the DPF and the genset which were known,
22  or should have been known, to Cashman, Miratech, and DOES 1-10.

23      19.  Cashman, Miratech, and DOES 1-10 breached their duty of
24  due  and  reasonable  care  so  as  to  cause  the  Subject  Loss  by
25  carelessly  and  negligently  manufacturing,  designing,  installing,
26  commissioning,  and/or  troubleshooting  the  issues  related  to  the
27  subject DPF and genset, including but not limited to failing to
28  adequately  diagnose,  address,  and  remedy  the  aforesaid  known

1 problems and failures.

2   20.   As a direct and proximate result of the above described

3 acts and/or omissions to act by Cashman, Miratech, and DOES 1-10,

4 Kirkwood sustained damages in an amount in excess of the

5 jurisdictional requirements of this Court, the precise amount to

6 be proven at trial, covered and paid under the Insured's policy.

7

8                        SECOND CAUSE OF ACTION

9   (Strict Products Liability as to Defendants Cashman, Miratech, and
10                            DOES 1-10)

11   21.   Plaintiff realleges and incorporates herein as though
12 fully set forth the allegations of paragraphs 1 through 20.
13
14   22.   The occurrence and resulting damages hereinbefore
15 referred to were caused by defects in the subject DPF and genset
16 designed, manufactured, installed, sold and supplied to Kirkwood
17 by Cashman, Miratch, and DOES 1-10.

18   23.   The subject DPF and genset were defective at the time of
19 its design, manufacture, and sale and in failing to provide
20 adequate warnings necessary to make its intended use safe from
21 overheating and fire.
22
23   24.   The foregoing defects in the subject DPF and genset
24 existed at the time of its manufacture and sale to Kirkwood and
25 the subject DPF and genset were being used by Kirkwood in a
26 reasonably foreseeable manner at the time of the Subject Loss.

27   25.   Cashman, Miratch, and DOES 1-10 are strictly liable for
28 the defects existing in the subject DPF and genset which caused

1  the damages sustained by Kirkwood and as compensated under the

2  Plaintiff's aforesaid policy of insurance.

3

4  WHEREFORE, Plaintiff demands judgment against the Defendants,

5  and each of them, as follows:

6  1.   For general damages in an amount to be determined at the

7  time of trial;

8  2.   For costs and attorneys' fees as permitted by law;

9  3.   For prejudgment and post-judgment interest as permitted

10  by law; and

11  4.   For such other and further relief as deemed just and

12  appropriate under all of the circumstances by the Court.

13

14  Dated: May 16, 2011          COZEN O'CONNOR

15

16                              By: _____

17                                  GERARD P. HARNEY
                                    NICHOLAS J. NEIDZWSKI
18                                  Attorneys for Plaintiff
                                    AMERICAN HOME ASSURANCE COMPANY

19
   SAN_DIEGO\570148\1 267913 000
20

21

22

23

24

25

26

27

28

7

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** Cashman Equipment Company, a
Nevada corporation; Miratech
Corporation, an Oklahoma corporation; and Does 1-100,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** American Home Assurance
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** Company, a New York
corporation

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Alpine County Superior Court<br>14777 State Route 89<br>Post Office Box 518<br>Markleeville, California  96120  (T: (530) 694-2113; F:(530) 694-2119) | CASE NUMBER:<br>(Número del Caso): C 110574 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Gerard P. Harney, Esq./Nicholas J. Neidzwski,Esq.   619-234-1700   619-234-7831
Cozen O'Connor
501 West Broadway, #1610
San Diego, California 92101

| DATE:<br>(Fecha) 6-9-11 | MARGARET WHITE Clerk, by __ANN GRETH__ , Deputy |
|---|---|
| | (Secretario) (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions<br>℗ Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

## *Superior Court of Alpine County*

| **Docket No:**  C110574 | *AMERICAN HOME ASSURANCE COMPANY, a New york corporation*<br>*Vs.*<br>*CASHMAN EQUIPMENT COMPANY, a Nevada* |
|---|---|

| **Hearing Date / Time:** | | Monday, June 13, 2011 | 3:00 PM |
|---|---|---|---|

☐ *Defendant/Respondent Present*

☐ *Plaintiff Present*

| | | | **Hearing Type:** | Other predisposition hearing |
|---|---|---|---|---|
| *Bailiff:* | | *Attorney:* | **CSR:** | |
| | | *Judge:*   T Kolpacoff | **Clerk:**   A Greth | |

*Hearing Notes:*   MINUTE ORDER -- NOTICE OF INITIAL CASE MANAGEMENT CONFERENCE

Pursuant to this Court's local rule 5.6.2, an initial case management conference is set for Tuesday. November 15, 2011, at 10:00 a m   Telephonic appearances are permitted provided compliance with California Rules of Court rule 3 670 and upon proper notice to the Court  Cour Call is to be utilized for telephonic appearances

The parties are expected to strictly comply with California Rules of Court rule 3 724 and with thi court's local rules governing civil matters   Pursuant to local rule 5 11, parties are further directe to submit a working copy for the Court's use along with their filings  The copy is to be clearly marked "Working Copy"

Enclosed are two copies of Case Management Statement (CM-110) and an extra copy of this Minute Order   Case Management Statement  and copy of today's Minute Order are to be serve on Defendant with the Complaint

cc:  Gerard P  Harney, Esq , Cozen O'Connor. 501 West Broadway, #1610, San Diego, CA 92101

*I hereby certify the foregoing is a true copy of the judgment rendered on the above date.*

**CLERK OF THE ABOVE NAMED COURT. By** _____  **ANN GRETH**

*TO THE SHERIFF: The foregoing certified copy of the judgment in the above entitled matter is your authority for the execution thereof.*

DOCKET        CALENDAR

*Page 1 of 1*

10/31        11/15

RECEIVED

C110574  JUN 2 3 2011

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO : FAX NO *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:     Time:     Dept.:     Div.:     Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1   Party or parties *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2   Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3   Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
     (1) ☐ have not been served *(specify names and explain why not)*:

     (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

     (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4   Description of case
   a. Type of case in ☐ complaint ☐ cross-complaint    *(Describe, including causes of action)*:

RECEIVED

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☐ a jury trial  ☐ a nonjury trial  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐  days *(specify number):*
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
f.  Fax number:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify)*:
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

15. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17  Economic litigation**

a. ☐  This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case

b. ☐  This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**18.  Other issues**

☐  The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**19.  Meet and confer**

a. ☐  The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b.  After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**20.  Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____          ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

☐  Additional signatures are attached.

# EXHIBIT D

SUMMONS
*(CITACION JUDICIAL)*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** Cashman Equipment Company, a
*(AVISO AL DEMANDADO):* Nevada corporation; Miratech
Corporation, an Oklahoma corporation; and Does 1-100,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** American Home Assurance
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Company, a New York
corporation

NOTICE! You have been sued The court may decide against you without your being heard unless you respond within 30 days Read the information below

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case There may be a court form that you can use for your response You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements You may want to call an attorney right away If you do not know an attorney, you may want to call an attorney referral service If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo ca gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión  Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia org), en el Centro de Ayuda de las Cortes de California, (www.sucorte ca gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil  Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alpine County Superior Court<br>14777 State Route 89<br>Post Office Box 518<br>Markleeville, California  96120   (T: (530) 694-2113; F:(530) 694-2119) | CASE NUMBER:<br>*(Número del Caso)*  C 1105 74 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gerard P. Harney, Esq./Nicholas J. Neidzwski,Esq.  619-234-1700   619-234-7831
Cozen O'Connor
501 West Broadway, #1610
San Diego, California 92101

DATE:                                        MARGARET WHITE   Clerk, by ____ANN GRETH____ , Deputy
*(Fecha)* 6-9-11                                              *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010))*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416 10 (corporation)          [ ] CCP 416 60 (minor)
          [ ] CCP 416 20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416 90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev July 1, 2009)

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412 20, 465

PAGLIERO & ASSOC,APC

# EXHIBIT E

## *Superior Court of Alpine County*

| | |
|---|---|
| **Docket No:** C110574 | *AMERICAN HOME ASSURANCE COMPANY, a New york corporation* <br> *Vs.* <br> *CASHMAN EQUIPMENT COMPANY, a Nevada* |

| **Hearing Date / Time:** | **Monday, June 13, 2011** | **3:00 PM** |
|---|---|---|

☐ *Defendant/Respondent Present*                     **Hearing Type:** Other predisposition hearing

☐ *Plaintiff Present*

*Bailiff:*                    *Attorney:*                    *CSR:*

                             *Judge:*   T. Kolpacoff        *Clerk:*   A. Greth

*Hearing Notes:*   MINUTE ORDER -- NOTICE OF INITIAL CASE MANAGEMENT CONFERENCE

Pursuant to this Court's local rule 5.6.2, an initial case management conference is set for Tuesday, November 15, 2011, at 10:00 a.m. Telephonic appearances are permitted provided compliance with California Rules of Court rule 3.670 and upon proper notice to the Court   Cour Call is to be utilized for telephonic appearances.

The parties are expected to strictly comply with California Rules of Court rule 3.724 and with thi court's local rules governing civil matters. Pursuant to local rule 5.11, parties are further directe to submit a working copy for the Court's use along with their filings. The copy is to be clearly marked "Working Copy".

Enclosed are two copies of Case Management Statement (CM-110) and an extra copy of this Minute Order. Case Management Statement and copy of today's Minute Order are to be serve on Defendant with the Complaint.

cc:  Gerard P. Harney, Esq., Cozen O'Connor, 501 West Broadway, #1610, San Diego, CA 92101

*I hereby certify the foregoing is a true copy of the judgment rendered on the above date.*

**CLERK OF THE ABOVE NAMED COURT. By**          ANN GRETH

**TO THE SHERIFF:** *The foregoing certified copy of the judgment in the above entitled matter is your authority for the execution thereof.*          DOCKET          CALENDAR

*Page 1 of 1*                              10/31          11/15

RECEIVED

JUN 2 3 2011

C110574

PAGUERO & ASSOC APC

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                                    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** <br> (Amount demanded <br> exceeds $25,000) ☐ **LIMITED CASE** <br> (Amount demanded is $25,000 <br> or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                                    Time:                           Dept.:              Div.:                Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint      *(Describe, including causes of action)*:

RECEIVED

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐  days *(specify number):*
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
☐  Additional representation is described in Attachment 8.
f.  Fax number:
g.  Party represented:

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq *(specify exemption):*

CM-110

| | PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|---|
| | DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

    ☐ Bankruptcy ☐ Other *(specify):*

    Status:

**13. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 13a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.