UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY,<br><br>            Plaintiff,<br><br>     v.<br><br>CASHMAN EQUIPMENT COMPANY, a Nevada Corporation; MIRATECH CORPORATION, an Oklahoma Corporation; and DOES 1-100,<br><br>            Defendants. | NO. CIV. 2:11-1814 WBS DAD<br><br>ORDER |

----oo0oo----

Defendant Cashman Equipment Company ("Cashman") moves for leave to file a third-party complaint against HUG Engineering AG ("HUG"), the manufacturer of the component that allegedly caused the fire that caused the property damage to Kirkwood Mountain Resort which is the subject of this action. Plaintiff has filed a Statement of Non-Opposition to this motion. (Docket No. 27.)

Federal Rule of Civil Procedure 14(a)(1) requires a

1

1  third-party plaintiff to obtain the court's leave in order to
2  file a third-party complaint more than fourteen days after
3  serving its original answer.  Fed. R. Civ. P. 14(a)(1).
4  In determining whether to permit impleader, the court considers
5  prejudice to the original plaintiff, complication of issues at
6  trial, likelihood of trial delay, and timeliness of the motion to
7  implead.  Irwin v. Mascott, 94 F. Supp. 2d 1052, 1056 (N.D. Cal.
8  2000).
9          Here, Cashman seeks to file its third-party complaint
10 against HUG for contribution, indemnity, and declaratory relief
11 in order to offset any damages it may incur as a result of this
12 action, which is "[p]erhaps the classic case for impleader."  3
13 Moore's Federal Practice § 14.04[3][b] (Matthew Bender 3d ed.).
14 The court finds that the Irwin factors militate in favor of
15 granting leave to file the third-party complaint.
16         IT IS THEREFORE ORDERED that Cashman's motion to file a
17 third-party complaint be, and the same hereby is, GRANTED.
18 Dated:  November 27, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2